IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01841-BNB

CAREY A. GRIFFIN,

    Applicant,

v.

ARISTEDES ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 18 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Carey A. Griffin is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Griffin, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order filed on September 2, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On September 11, 2009, Respondents filed their Pre-Answer. Mr. Griffin filed a Reply on October 8, 2009.

The Court must construe liberally the Application and the Reply because Mr. Griffin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For

the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Mr. Griffin asserts that he was convicted of failure to register as a sex offender by a judge in the Adams County District Court in Case No. 07CR776 and was sentenced to thirty months of incarceration. He further asserts that he has filed a direct appeal, but that his claims have "not been raised yet." (Application at 3.) Respondents assert in the Pre-Answer Response that Mr. Griffin has a direct appeal pending, in which the State's answer brief was due on September 27, 2009.

Mr. Griffin asserts two claims for relief in the Application. Respondents concede in the Pre-Answer Response that Mr. Griffin's Application is timely, but they argue that neither of the claims have been exhausted in state court. Respondents also appear to argue (*See* Pre-Answer Resp. at 5-7), in summary fashion, that perhaps Mr. Griffin is procedurally barred from raising his claims in state court. In his Reply, Mr. Griffin argues that there are exceptions to the exhaustion doctrine including futility and inordinate delay. Mr. Griffin contends that his discharge date is September 27, 2010, and that it will take more than a year to resolve the issues presented in this case.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the

2

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Exhaustion of state court remedies is not required "when the prisoner has no adequate remedy such that exhaustion would be futile." *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005); *see* 28 U.S.C. § 2254(b)(1)(B). "An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Mr. Griffin fails to assert that there is no opportunity to obtain redress in state court or that his opportunity to redress his claims in state court is so clearly deficient that he would not be able to attempt any effort to obtain the relief he seeks. His claim that he would not be able to complete the state-court exhaustion process prior to when he should be released is speculative at best and fails to support a finding that any state court process is clearly deficient. Furthermore, he currently has a direct appeal pending in state court, and he fails to assert that he is not able to address the claims that he raises in this action in his pending state court proceedings or in any other state court proceedings that he may initiate.

Since Mr. Griffin has an appeal pending before the state court of appeals, and Respondents have failed to argue adequately that he is procedurally barred from raising in his pending state court appeal or any other state court proceeding the claims he asserts in this action, there is insufficient evidence to find that Mr. Griffin's unexhausted claims are procedurally barred from federal review. Therefore, the Court will dismiss the action without prejudice for failure to exhaust state remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 16 day of Nov., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01841-BNB

Carey A. Griffin
Prisoner No. 97537
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/18/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk